RICHARD L. HOLMES, Retired Appellate Judge.
This is a workers’ compensation case.
Michael D. Lilly (employee) was employed as a welder at Taylor-Wharton Cryogenics, Inc. (employer). On May 3, 1993, the employee was injured during the course and scope of his employment.
As a result of his injuries, the employee was unable to work, and he underwent a laminectomy in September 1993. The employee returned to work in April 1994, restricted to light duty. In October 1994 the employee’s doctor, once again, removed the employee from work. The employee has not returned to work since that time.
In January 1995 the employee filed a complaint against the employer. The complaint alleged that the employee is permanently and totally disabled due to the injuries received in the May 3, 1993, accident. The employee requested that the trial court award permanent total disability benefits to him.
After a hearing the trial court issued an order, finding that the employee suffered a 60% permanent partial loss of earning capacity, and awarded benefits accordingly. The employee filed a motion for a new trial, which was denied.
The employee appeals and raises several issues.
First, the employee contends that the trial court erred when it allowed Sidney Woodson, a private investigator retained by the employer, to testify concerning telephone conversations obtained by electronic surveillance. The employee relies upon 18 U.S.C. §§ 2511 and 2515 (1988) as the basis for his contention that the trial court should not have overruled his objection to this testimony. The employee maintains that this testimony should be stricken from the record.
Our review of the record reveals that this testimony consists of the following:
“Q (By Ms. Alford) In the course of your investigation, did you obtain any information as to [the employee’s] activities, things he does participate in?
“MR. DAVIDSON: Again, Judge, unless it’s something that he obtained based on personal knowledge.
*1236 “THE COURT: Yeah, if he knows of his own personal knowledge.
“A Well, I overheard him talking using my scanner that he was talking about doing some attitude adjustments with one of the players on the softball team, and also that he had talked about the coach and pitcher—
“MR. DAVIDSON: Judge, let me object. If he’s wiretapped or overheard a telephone conversation—
“A No wiretapping.
“MR. DAVIDSON: — based upon electronic surveillance, unless there was some court order or something, I submit that that’s an illegal wiretap or eavesdropping, and I object.”
Our review of the record also reveals that the employee admitted that in order to assist the coaches of his daughter’s softball team, he would occasionally contact people by telephone. It would appear that the intercepted telephone conversation was one of those occasions.
While we are not making a determination as to the admissibility of this testimony, we do find that, in light of the above, the admission of this testimony was harmless error. See Rule 45, Ala. R.App. P.
This case is governed by the new Workers’ Compensation Act, which provides that this court’s review of the standard of proof and other legal issues is without a presumption of correctness. Ala.Code 1975, § 25 — 5—81(e)(1). However, “[w]e will view the facts in the light most favorable to the findings of the trial court.” Whitsett v. BAMSI, Inc., 652 So.2d 287, 290 (Ala.Civ.App.1994), overruled on other grounds, Ex parte Trinity Industries, Inc., 680 So.2d 262 (Ala.1996). In Edwards v. Jesse Stutts, Inc., 655 So.2d 1012, 1014 (Ala.Civ.App.1995), this court concluded that “[t]he new Act did not alter the rule that this court does not weigh the evidence before the trial court.”
Further, we would note that this court will not reverse the judgment of the trial court if the trial court’s findings of fact in the ease are supported by substantial evidence. Ala. Code 1975, § 25-5-81 (e)(2). In Ex parte Trinity Industries, Inc., 680 So.2d at 262, our supreme court “defined the term ‘substantial evidence,’ as it is used in [Ala.Code 1975,] § 12-21-12(d), to mean ‘evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.’ West v. Founders Life Assurance Co., 547 So.2d 870, 871 (Ala.1989).”
The employee contends that the trial court committed reversible error when it applied Ala.Code 1975, §§ 25-5-57(a)(4)e and - 58, to limit the employee’s recovery and when it failed to find that the employee was permanently and totally disabled.
The employee admits that he had a long history of problems with his back prior to the May 1993 injury. In fact, Dr. Andin McLeod performed back surgery on the employee in 1985. However, the employee contends that the evidence demonstrated that he was capable of, and was, in fact, performing his normal job duties at the time of the May 1993 accident despite his prior back problems. The employee submits that, in light of the foregoing, §§ 25-5-57(a)(4)e and -58 should not apply to the facts of the present case.
In its findings of fact, the trial court found the following, in pertinent part: Prior to May 3, 1993, Dr. McLeod, the employee’s treating physician, placed restrictions (regarding lifting, bending, stooping, limited climbing, and limited kneeling) on the employee. Dr. McLeod assigned to the employee’s condition an impairment rating of 15-20% prior to May 3, 1993, and an impairment rating of 30-35% to the employee’s condition after May 3, 1993.
Our review of the record reveals that the trial court’s findings were supported by substantial evidence. Our review of the record also reveals that Donnie Carlisle, a vocational rehabilitation expert who testified on behalf of the employer, testified that prior to May 3, 1993, the employee had a 29% vocational impairment and after May 3, 1993, the employee’s vocational impairment ranged between 65% and 93%.
Consequently, the trial court did not commit reversible error when it applied Ala.Code *1237 1975, §§ 25-5-57(a)(4)e and -58, to limit the employee’s recovery and when it failed to find that the employee was permanently and totally disabled.
In light of the above, the trial court’s judgment is due to be affirmed.
The foregoing opinion was prepared by Retired Appellate Judge RICHARD L. HOLMES while serving on active duty status as a judge of this court under the provisions of Ala.Code 1975, § 12-18-10(e).
AFFIRMED.
ROBERTSON, P.J., and YATES and CRAWLEY, JJ., concur.